IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEMARICK C. LEWIS,**

      **Plaintiff,**

  v.                              Civil Action 2:17-mc-45
                                  Judge Michael H. Watson
                                  Magistrate Judge Jolson

**OHIO, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION & ORDER

Plaintiff, Demarick C. Lewis, an Ohio resident who is proceeding without the assistance of counsel, filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 1) with an attached affidavit titled "Declaration of Nationality," on July 26, 2017. This matter is now before the undersigned for consideration of Plaintiff's Motion and the initial screen of Plaintiff's complaint (or lack thereof) under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C . § 1915(a). Furthermore, having performed an initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this case.

### I. LEGAL STANDARD

When a Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set

1

forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**II.    DISCUSSION**

Plaintiff did not file a complaint in this matter. Instead, he filed a document titled "Declaration of Nationality – Affidavit of Status – Aboriginal Indigenous." (Doc. 1-1). Although unclear, it appears that Plaintiff's Declaration is an attempt to disclaim any connection to the United States and proclaims his desire to be referred to by his "Moorish appellation," which is DemaiRa Meru Yahawashi el. (*Id.* at 1). For illustrative purposes, a portion of the Declaration is as follows:

> On the record for the record I am not a Resident alien. I am Foreign to the United States Corporation. I'm Not a United States citizen. I'm Not a FEDERAL citizen. I'm Not a DOMESTIC citizen. I am not three-fifths (3/5) of a human being. I am not Negro, Black or Colored nor am I African American or any color of law titles. I am in full life. I am a living breathing flesh and blood sentient being having a human experience. I live in my body and not at an address. By way of my Indigenous Aboriginal foremothers and forefathers I am a Moorish American. I will always be grateful and appreciative of their contribution to me and continue to reverence and honor them in my daily palal's and streams of consciousness.
>
> I hereby void all oaths agreements of entrapment and promises conscious or unconscious made by me detrimental to me. I declare and proclaim that the Al Moroccan Empire, North, Central, South America and all adjoining islands my National Domicile, Also known as: The Northwest Gate, the Extreme West, El Maghreb, El Aqsa, North, South, Central America and the North America Republic. I AM A National Citizen by freehold, inheritance, by birthright and primogeniture a Freeman on the land via The most high and all that is righteous and Holy.

At base, Plaintiff fails to allege any coherent facts and it is unclear what relief, if any, is sought. It appears that Plaintiff is simply making a proclamation regarding his beliefs. The Court thus finds that the Declaration fails to state a claim upon which relief can be granted.

## III. CONCLUSION

Based upon the foregoing, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen, for the reasons set forth above, it is **RECOMMENDED** that this case be **DISMISSED**.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: July 31, 2017                                         /s/ Kimberly A. Jolson
                                                            KIMBERLY A. JOLSON
                                                            UNITED STATES MAGISTRATE JUDGE